Louis J. Capozzoli, J.
This action is brought by the consignee of a certain shipment of walnuts to recover damages, caused by insect infestation, from the marine insurer, defendant Continental Insurance Company, whose certificate of insurance was assigned to the plaintiff, and also from the ocean carrier, defendant A/g Atlas.
These walnuts, after being gathered in the fall of 1954, were placed in various warehouses and shelled, and it was at one of these that the shipper, in March of 1955, made his selection of grades and sizes. It was at a warehouse in Toyserkan, Iran, one of the three centers for this product, that the shipper’s representative saw the walnuts in piles on a canvas spread on the floor. It was there also that he claims to have made his examination and inspection, after which the walnuts were weighed and packed in his presence.
*112 The shipments consisted of 1,220 cases of shelled walnuts in wooden cases which were lined with brown paper and wax paper. Then the cases were nailed and marked. From Toyserkan, starting on March 10, 1955, and ending about two weeks later, the cases were trucked to Khorramshahr, a distance of about 400 miles and then placed in a warehouse to await loading on the S.S. Nyhorn. They were eventually loaded on board the S.S. Nyhorn on or about March 24,1955 for transportation to New York, where the vessel arrived about June 21, 1955. At the time of arrival at New York the cases and the walnuts were badly infested by insects.
Plaintiff claims that the walnuts were in perfect condition when they left Toyserkan, to be transported to Khorramshahr, with no sign of insect infestation present, and contends that the infestation took place on board the S.S. Nyhorn. It demands judgment against the defendant A/S Atlas because of its alleged negligence in the manner of transporting the walnuts, and against the defendant Continental Insurance Company, hereinafter referred to as Continental, on its marine open cargo policy issued to cover the walnuts, while in transit from Toyserkan to the warehouse in New York, for damage caused by external cause. The defendant A/S Atlas denies negligence on its part and contends the damage resulted from an inherent defect in the walnuts themselves and the defendant Continental denies any liability on its policy on the ground that the walnuts, when packed at Toyserkan already contained insect eggs, Avhich matured during transit and caused the damage.
The cause of action against the ocean carrier is governed by the United States Carriage of Goods By Sea Act of 1936 (U. S. Code, tit. 46, §§ 1300-1315). The court has carefully considered all of the proof adduced at the trial and also the various memoranda of the law submitted. Insofar as the case against A/S Atlas is concerned, the court is of the opinion that the plaintiff has failed to sustain the burden of proof imposed upon it, because the record of the trial is barren of any evidence shoAving the conditions under which the walnuts were stored in the warehouse in Khorramshahr awaiting loading on board the vessel and, further, there is no proof of the condition of the walnuts at the time that they were loaded on board the S.S. Nyhorn.
It is established law that, when deterioration of the goods may have resulted from an inherent defect, the shipper has the burden of proving their good condition upon delivery to the carrier and to sustain that burden he must present some eAddence beyond the bill of lading, since the bill of lading is evidence only of apparent or external good condition (Hecht, Levis & Kahn, Inc., v. The *113 S.S. President Buchanan, 236 F. 2d 627; American Tobacco Co. v. The Katingo Hadjipatera, 81 F. Supp. 438, mod. on other grounds 194 F. 2d 449, cert, denied 343 U. S. 978; The Niel Maersk, 91 F. 2d 932, cert. denied 302 U. S. 753).
No such additional evidence beyond the bill of lading was produced by plaintiff, and, therefore, its complaint is dismissed as to the defendant A/S Atlas.
The court will now consider the evidence affecting the defendant Continental. In that connection the liability of the named insurance company is predicated on grounds other than those urged against the defendant A/S Atlas. The claim of the plaintiff is based on a contract of insurance issued by the named insurance company to the plaintiff’s assignors, Habib and/or Abbas Ordoorbadi. It is admitted that the defendant Continental, pursuant to the terms of its policy, agreed to insure the goods involved herein against all risks of physical loss or damage, from any external cause, while in transit from the warehouse at Toyserkan, from which the walnuts were shipped to Khorramshahr by trucks, to New York City.
A careful consideration of the evidence has convinced this court that the plaintiff has sustained the burden of proof imposed upon it as against the defendant Continental. The latter relies most strongly upon the testimony of experts, given at the trial, which forms the basis for its claim that the eggs were present in the walnuts prior to the time of their packing at Toyserkan. The court has given due and careful consideration to the testimony of these experts and, frankly, finds itself unable to accept such testimony and the least that can be said is that it was confusing, contradictory and not of sufficient probative value to overcome the effect and persuasiveness of plaintiff’s factual proof.
The defendant Continental further urges that the plaintiff should have subjected the walnuts to fumigation or some other treatment whereby they could be assured of having destroyed any insect eggs that eventually might hatch. It seems to this court that if this were to have been expected by the defendant Continental it should have been one of the conditions for the issuance of its policy. The failure to provide for this fumigation, or other treatment, as a condition precedent to the issuance of its policy prevents the defendant Continental from refusing to fulfill the contractual obligation imposed upon it by the policy as written.
This case was tried by the court without a jury and findings of fact and conclusions of law were waived by both parties.
*114 The motion of the defendant A/S Atlas to dismiss the plaintiff’s complaint, made at the close of the entire case and decision of which was reserved, is hereby granted.
The motion of the defendant Continental to dismiss the plaintiff’s complaint, made at the close of the entire case and decision of which was reserved, is hereby denied.
Therefore, judgment is directed in favor of the defendant A/S Atlas and against the plaintiff dismissing the complaint.
Judgment is directed in favor of the plaintiff and against the defendant Continental in the sum of $11,274.32, with appropriate interest.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.